UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL ROSENBERG, | |
| Plaintiff, | Civil Action No. 13-1554 (BAH) |
| v. | Judge Beryl A. Howell |
| UNITED STATES DEPARTMENT OF DEFENSE, | |
| Defendant. | |

**MEMORANDUM OPINION**

The plaintiff, Carol Rosenberg, who is a reporter for *The Miami Herald*, filed a request for documents with the defendant, the Department of Defense, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Compl. ¶ 1, ECF No. 1. The plaintiff generally seeks records pertaining to the cost of building and maintaining "the 'Camp 7' detention facility at Guantánamo [Bay, Cuba]" and information about "the firm(s) responsible for its construction." *Id.* ¶ 2. Pending before the Court is the defendant's Motion for Summary Judgment ("Def.'s Mot."), ECF No. 12. For the reasons described below, the defendant's motion is granted.

**I.     BACKGROUND**

The plaintiff's FOIA request sought "copies of all documents that reveal how much was spent to build a structure known as Camp 7 at the U.S. Navy Base at Guantanamo Bay, Cuba." Compl. Ex. A (Correspondence from plaintiff to defendant's Office of Freedom of Information, Apr. 9, 2009) (the "Request") at 1, ECF No. 1-1. The defendant responded to the plaintiff's request by letter in June, 2010, stating that the defendant located one record, "totaling one page," which "is exempt from release in its entirety pursuant to" the FOIA's Exemption 1, Exemption 2, and Exemption 6, 5 U.S.C. §§ 552(b)(1), (b)(2), (b)(6). Compl. Ex. C (Correspondence from

1

Paul Jacobsmeyer, Chief, Office of Freedom of Information, Department of Defense to plaintiff, date stamped June 4, 2010) at 1, ECF No. 1-3. Exemption 1 allows a government agency to withhold from disclosure agency records that are "currently and properly classified;" Exemption 2 allows the withholding of records that "pertain[] solely to the internal rules and practices of the agency;" and Exemption 6 protects from disclosure "the release of [information] which would constitute a clearly unwarranted invasion of the personal privacy of individuals." *Id.*

The plaintiff appealed the defendant's determination, *see* Compl. Ex. D (Correspondence from plaintiff to James Hogan, Director of Administration Management, Department of Defense, June 26, 2010) at 1, ECF No. 1-4, and her appeal was denied, *see* Compl. Ex. E (Correspondence from William E. Brazis, Deputy Director, Department of Defense to plaintiff, date stamped Aug. 20, 2013) at 1, ECF No. 1-5. The plaintiff subsequently filed this lawsuit, alleging that the defendant failed to conduct a reasonable search for records responsive to the plaintiff's request, Compl. ¶¶ 33–34, and improperly withheld responsive records, *id.* ¶¶ 35–37.

The defendant timely moved for summary judgment, and filed "two declarations (one classified and filed *ex parte* and *in camera*)" in support of its motion. Def.'s Mot. at 1.

## II. LEGAL STANDARD

Congress enacted the FOIA as a means "to 'open agency action to the light of public scrutiny.'" *Am. Civil Liberties Union v. U.S. Dep't of Justice*, 750 F.3d 927, 929 (D.C. Cir. 2014) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)). As the Supreme Court has "consistently recognized [] the basic objective of the Act is disclosure." *Chrysler Corp. v. Brown*, 441 U.S. 281, 290 (1979). At the same time, the statute represents a "balance [of] the public's interest in governmental transparency against legitimate governmental and private interests that could be harmed by release of certain types of information." *United Techs. Corp. v.*

*U.S. Dep't of Def.*, 601 F.3d 557, 559 (D.C. Cir. 2010) (internal quotation marks and citations omitted). Reflecting that balance, the FOIA contains nine exemptions set forth in 5 U.S.C. § 552(b), which "are explicitly made exclusive and must be narrowly construed." *Milner v. U.S. Dep't of Navy*, 131 S. Ct. 1259, 1262 (2011) (internal quotations and citations omitted) (citing *FBI v. Abramson*, 456 U.S. 615, 630 (1982)); *see Citizens for Responsibility and Ethics in Wash. v. U.S. Dep't of Justice* (*CREW*), 746 F.3d 1082, 1088 (D.C. Cir. 2014); *Pub. Citizen, Inc. v. Office of Mgmt. and Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010). "[T]hese limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act." *Rose*, 425 U.S. at 361.

The agency invoking an exemption to the FOIA has the burden "to establish that the requested information is exempt." *Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 352 (1979); *see U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989); *CREW*, 746 F.3d at 1088; *Elec. Frontier Found. v. U.S. Dep't of Justice*, 739 F.3d 1, 7 (D.C. Cir. 2014); *Assassination Archives & Research Ctr. v. CIA*, 334 F.3d 55, 57 (D.C. Cir. 2003). In order to carry this burden, an agency must submit sufficiently detailed affidavits or declarations, a *Vaughn* index of the withheld documents, or both, to demonstrate that the government has analyzed carefully any material withheld, to enable the court to fulfill its duty of ruling on the applicability of the exemption, and to enable the adversary system to operate by giving the requester as much information as possible, on the basis of which he can present his case to the trial court. *Oglesby v. U.S. Dep't of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996) ("The description and explanation the agency offers should reveal as much detail as possible as to the nature of the document, without actually disclosing information that deserves protection . . . [which] serves the purpose of providing the requestor with a realistic

opportunity to challenge the agency's decision."); *see also CREW*, 746 F.3d at 1088 ("The agency may carry that burden by submitting affidavits that 'describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" (quoting *Larson v. U.S. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

The FOIA provides federal courts with the power to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). A district court must review the *Vaughn* index and any supporting declarations "to verify the validity of each claimed exemption." *Summers v. U.S. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998). Moreover, a district court has an "affirmative duty" to consider whether the agency has produced all segregable, non-exempt information. *Elliott v. U.S. Dep't of Agric.*, 596 F.3d 842, 851 (D.C. Cir. 2010) (referring to court's "affirmative duty to consider the segregability issue *sua sponte*") (quoting *Morley v. CIA*, 508 F.3d 1108, 1123 (D.C. Cir. 2007)); *Stolt-Nielsen Transp. Grp. Ltd. v. United States*, 534 F.3d 728, 733-735 (D.C. Cir. 2008) ("'[b]efore approving the application of a FOIA exemption, the district court must make specific findings of segregability regarding the documents to be withheld'") (quoting *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007)); *Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1027-1028 (D.C. Cir. 1999) ("we believe that the District Court had an affirmative duty to consider the segregability issue *sua sponte* . . . even if the issue has not been specifically raised by the FOIA plaintiff"); *see also* 5 U.S.C. § 552(b) ("Any reasonably segregable portion of a record shall be provided to any

person requesting such record after deletion of the portions which are exempt under this subsection.").

Summary judgment is appropriate when "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56. "In FOIA cases, '[s]ummary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith.'" *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, at 215 (D.C. Cir. 2013) (quoting *Consumer Fed'n of Am. v. U.S. Dep't of Agric.*, 455 F.3d 283, 287 (D.C. Cir. 2006)). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Judicial Watch, Inc. v. U.S. Dep't of Def.*, 715 F.3d 937, 941 (D.C. Cir. 2013) (quoting *Am. Civil Liberties Union v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011)); *see Larson v. U.S. Dep't of State,* 565 F.3d 857, 862 (D.C. Cir. 2009) (quoting *Wolf v. CIA*, 473 F.3d 370, 374-75 (D.C. Cir. 2007)).

## III. DISCUSSION

The defendant asserts that it conducted a "[r]easonable and [a]dequate [s]earch for [r]esponsive [d]ocuments," Def.'s Mem. Supp. Def.'s Mot. Summ. J. ("Def.'s Mem.") at 3, ECF No. 12-1, and that the only responsive record the defendant discovered is properly classified within the meaning of Exemption 1, such that its withholding of the document in its entirety is proper, *id.* at 5.[1] The defendant is correct. The adequacy of the defendant's search is discussed first, followed by the defendant's withholding of the responsive record pursuant to Exemption 1.

---

[1] The defendant also asserts that the document is protected by the FOIA's Exemptions 5 and 6. *See* Def.'s Mem. at 6–9. Since the defendant has adequately shown that the document at issue is properly withheld pursuant to Exemption 1, there is no need to reach the defendant's alternative grounds for withholding. *See Larson*, 565 F.3d at 862–63 (referring to Exemptions 1 and 3 and holding that "courts may uphold agency action under one exemption without considering the applicability of the other.").

### A. The Defendant's Search Was Reasonably Adequate

The defendant has submitted two declarations in support of its withholding of the document at issue, including a declaration submitted *in camera* and *ex parte*, that the Court has thoroughly reviewed. *See* Notice Lodging Classified Decl. Supp. Def.'s Mot. at 1, ECF No. 12-5. The publicly filed declaration explains the defendant's search for records responsive to the plaintiff's request in sufficient detail to satisfy the FOIA's requirements. The defendant's declarant avers that the plaintiff's request was directed to the defendant's "Office of Detainee Policy . . . as this office was most likely to have responsive material." Decl. of Karen L. Hecker, Assoc. Dep. General Counsel, Office of General Counsel, Department of Defense ("Hecker Decl.") ¶ 3, ECF No. 12-3. The Hecker Declaration notes that the Office of Detainee Policy "was created in July 2004 to advise the Secretary of Defense on detention policy and strategy and to serve as a focal point for detainee and detention matters within the Department of Defense." *Id.* Based on the defendant's declarant's "10 years of experience in Guantanamo detention issues," she "determined that [the defendant] performed an adequate search that was reasonably likely to uncover all non-duplicative responsive records." *Id.*

Although the defendant's search only revealed one responsive document, the paucity of responsive records found in a search is not indicative, necessarily, of the adequacy of that search or the lack thereof. *See Boyd v. Crim. Div. of U.S. Dep't of Justice*, 475 F.3d 381, 391 (D.C. Cir. 2007). Indeed, "[m]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for [records]," *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991). Instead, an agency is obligated only to conduct a search that is "reasonably calculated to uncover all relevant documents," *Morley v. C.I.A.*, 508 F.3d 1108, 1114 (D.C. Cir. 2007), a standard that an agency satisfies by searching

"all files likely to contain responsive materials (if such records exist)," *Oglesby*, 920 F.2d at 68. The D.C. Circuit's precedent is clear that a search is not "inadequate because it turned up only a few" documents, "even if the slim yield may be intuitively unlikely." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011).

A court "may rely on a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1003 (D.C. Cir. 2009). Here, the defendant's declarant identifies the agency component tasked with searching for the responsive material; the parameters of the search, as defined by the defendant's interpretation of the plaintiff's request for "documents that reveal how much was spent to build a structure known as Camp 7;" and that, based on the declarants extensive experience with detainee issues, she was able to determine that the agency component "performed an adequate search that was reasonably likely to uncover all non-duplicative responsive records." Hecker Decl. ¶ 3. This is "reasonably detailed," setting forth the "search terms" and the agency component that conducted the search, as well as an averment that "all files likely to contain responsive materials . . . were searched." *See Chambers*, 568 F.3d at 1003.

The plaintiff's arguments to the contrary are unavailing. The plaintiff contends that the Hecker Declaration "does not identify which files were searched, who searched the files, how the files were searched, or why the search was limited to a single division." Pl.'s Opp'n Def.'s Mot. ("Pl.'s Opp'n") at 23, ECF No. 13. The plaintiff is incorrect. Although the defendant's declarant does not state explicitly which files within the Office of Detainee Policy were searched, she implies that all of the Office's files were so searched. *See* Hecker Decl. ¶ 3 (noting that the Office of Detainee Policy "serve[s] as a focal point for detainee and detention matters

within the Department of Defense" and that this component was tasked with searching for any responsive records). The plaintiff offers no case law or statutory requirement that the agency identify by name the individuals responsible for the search, nor the exact method by which the files were searched. *See* Pl.'s Opp'n at 23. Finally, the defendant's declarant *does* explain why only a single division was tasked with the search: based on the declarant's "10 years of experience in Guantanamo detention issues," the "focal point for detainee and detention matters" would be the agency component "most likely to have responsive material." Hecker Decl. ¶ 3.

The plaintiff's additional arguments are similarly unavailing. The plaintiff's speculation as to other Defense Department offices that may have had responsive records does not provide any factual basis to dispute the defendant's declarant's sworn affidavit. *See* Pl.'s Opp'n at 24–25 and n.9. The defendant's search for "documents that reveal how much was spent to build a structure known as Camp 7," Hecker Decl. ¶ 3, is a reasonable interpretation of the plaintiff's FOIA request, especially in light of the plaintiff's appeal letter demanding that the defendant "reveal how much was spent to build a structure known as Camp 7" based on specific contentions as to the existence of the facility, but mentioning only in passing the fact that the defendant "has no comment on the cost of the facility, or name of the contractor who built it." Compl. Ex. D at 1. In any event, the defendant's declarant makes clear that such information would have been found by the Office of Detainee Policy. *See* Hecker Decl. ¶ 3. Finally, as noted above, even if it is "intuitively unlikely" that the defendant's search revealed only a single record, such intuition, absent some indication of bad faith or other dissembling, is insufficient to overcome the defendant's sworn affidavit, particularly when national security interests are implicated, as is the case here. *See Ancient Coin Collectors Guild*, 641 F.3d at 514; *Pub. Employees for Env'l Responsibility v. U.S. Section, Int'l Boundary & Water Comm'n*, 740 F.3d

195, 205 (D.C. Cir. 2014) (noting that when national security issues are implicated, it is "unwise to undertake searching judicial review" (quoting *Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 927 (D.C. Cir. 2003)).

In short, the Court is satisfied, based on the submissions by the defendant, that an adequate search for responsive records was conducted, despite the fact that the search yielded few documents.

### B.     The Document Is Properly Withheld In Full Pursuant To Exemption 1

The defendant contends, based primarily on information set forth in a classified, *ex parte* declaration, that the record at issue "contains information that was properly classified and that continues to meet the classification criteria of Executive Order 13,526 regarding intelligence activities, sources, or methods." Hecker Decl. ¶ 4. The plaintiff's challenge to this contention is predicated upon the conclusory nature of the defendant's publicly filed declaration. *See* Pl.'s Opp'n at 10–12.

The plaintiff expresses her understandable frustration with the *ex parte* declaration when she alleges that "[t]he complete secrecy of this filing is inappropriate." Pl.'s Opp'n at 12 n.5. The D.C. Circuit has approved the *in camera* review of classified documents in rare cases when national security interests and classified information are involved. *See, e.g.*, *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1172–73 (D.C. Cir. 2011); *cf. Nat'l Sec. Archive v. CIA*, 752 F.3d 460, 469 (D.C. Cir. 2014) (criticizing District Court's failure to conduct *in camera* review) (Rogers, J. dissenting); *Phillippi v. CIA*, 546 F.2d 1009, 1013 (D.C. Cir. 1976) ("[T]he District court may have to examine classified affidavits *in camera* and without participation by plaintiff's counsel."). This is particularly true in Exemption 1 cases, where a court must accord agency affidavits justifying withholding "'substantial weight:' so long as it 'describes the justifications

for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, . . . summary judgment is warranted on the basis of the affidavit alone." *Judicial Watch, Inc. v. U.S. Dep't of Defense*, 715 F.3d at 940–41; *see Larson*, 565 F.3d at 864; *Wolf*, 473 F.3d at 375–76.

After review of the *ex parte* declaration, the Court is satisfied that the defendant has demonstrated that (1) the document is properly classified; (2) the record "logically [and plausibly] falls within" Exemption 1; and (3) there is no contrary evidence in the record or evidence of bad faith on the part of the defendant. *See Judicial Watch, Inc. v. U.S. Dep't of Defense*, 715 F.3d at 940–41. The Court is also satisfied that the defendant has demonstrated there are no reasonably segregable portions of the record that can be released. *See Elliott*, 596 F.3d at 851. The plaintiff's arguments to the contrary are unavailing in the face of the defendant's submissions.

## IV. CONCLUSION

For the foregoing reasons, the defendant's Motion for Summary Judgment is granted.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 11, 2014

_____
BERYL A. HOWELL
United States District Judge